OPINION
Appellant Yolanda Stewart appeals the January 24, 1997 Judgment Entry of the Stark County Court of Common Pleas reversing the August 26, 1996 Order of the Alliance Civil Service Commission, which ordered appellee City of Alliance to reinstate appellant with back pay and lost benefits to the position she held on March 7, 1996.
 STATEMENT OF THE FACTS AND CASE
On July 27, 1992, the City of Alliance hired appellant as a Programs Manager for the Community Development Program in the Planning and Development Department. The then Director of Planning and Development, Wayne Wiethe, directly hired appellant. Appellant did not take an open competitive examination for the position. Nor was appellant appointed from a certified list presented to the Mayor or Director Wiethe. Alliance City Ordinance No. 46-92, which created the position, does not designate the Programs Manager as either a classified or unclassified employee.
Appellant's job duties included coordination of the housing rehabilitation program; the demolition program; the monitoring of Community Development Building Grants; assisting the Director of Planning and Development in the historic preservation program as well as covering the permit issuing duties of a clerk for the Building, Engineering and Development Departments. Appellant's position also included some administrative duties, such as typing and mailing. Appellant received an annual compensation of $25,000 in salary plus approximately $7,000 in fringe benefits.
In September, 1993, Director Wiethe resigned from the Department. In November, 1993, Michael Weddle became the Director. During the period between Wiethe's resignation and Weddle's hire, appellant served as Acting Director. In January, 1994, a third employee, Kathi Kibler, joined the Department as a Clerk/Typist. Despite Ms. Kibler's presence, appellant still participated in typing and secretarial duties.
On March 13, 1994, appellant was involved in an automobile accident in which she sustained severe neck, back, and shoulder injuries. As a result of the problems associated with the injuries, appellant's physician initially permitted her to work only four hours per day, however, over time, appellant's work hours became increasingly sporadic. Ultimately, in October, 1995, she took a medical leave of absence.
As a consequence of appellant's inability to work a regular, 40 hour work week and her eventual leave of absence, the Department developed a backlog in the processing of housing rehabilitation grant applications. To remedy the situation, Director Weddle contracted the responsibility of processing the applications to the Stark County Regional Planning Commission, which had handled all of the City's planning work prior to the creation of the Department in 1991 and which had continued to provide a number of services to the City. By contracting this work out, the Department was relieved of 75% of appellant's duties and responsibilities, which allowed the Director and Ms. Kibler to assume the remaining incidental duties of appellant's position without substantial disruption to the Department.
Over time, the Director determined that the Regional Planning Commission offered the City a more cost effective manner in which to administer the housing rehabilitation program. For $15,000 per year, the Regional Planning Commission performed the housing rehabilitation services previously performed by appellant in addition to the other services it had been providing to the Department. In contrast, appellant administered the housing rehabilitation program and some additional duties for approximately $32,000 per year. Upon realizing the resultant economic benefits, the Director restructured the Department.
On March 1, 1996, appellant informed Director Weddle that her physician had released her and that she could return to work on a full-time basis. On March 4, 1996, the City adopted Ordinance No. 19-96, which abolished the positions of Clerk/Typist II and Programs Manager in the Department of Planning and Development and created the positions of Steno II and Programs Coordinator. The position of Programs Coordinator was "created to undertake the coordination of the Housing Rehabilitation Program, Demolition Program, Historic Preservation Program and the submission of the Community Development Block Grant Reports." Connie Mohr was hired as the Programs Coordinator at a salary of $21,000 to $26,000 per year.
On March 5, 1996, appellant read an article in the Alliance Review which stated her position as Programs Manager had been eliminated by Ordinance No. 19-96. Thereafter, on March 7, 1996, appellant received a letter from Director Weddle notifying her that the Alliance City Counsel had eliminated her position. The letter reads:
Dear Yolanda:
 Please be advised that your position as Programs Manager for the Planning Development Department has been eliminated by Ordinance No. 19-96, passed by Alliance City Counsel, on March 4, 1996.
Thank you for your service.
On March 28, 1996, appellant appealed her dismissal to the Alliance Civil Service Commission. On August 26, 1996, the Alliance Civil Service Commission ordered the City to reinstate appellant with back pay and lost benefits to the position she held on March 7, 1996. The Commission rendered its decision without opinion.
On August 29, 1996, the City appealed the Commission's August 26, 1996 Order to the Stark County Court of Common Pleas. Via Judgment Entry dated January 24, 1997, the trial court reversed the Commission's decision finding that said decision was not supported by reliable, probative, and substantial evidence and was not in accordance with the law. The trial court further found that appellant had failed to timely appeal the abolishment of her position to the Commission, and that appellant was not a classified employee.
It is from the January 24, 1997 Judgment Entry appellant prosecutes this appeal raising the following assignments of error:
 I. THE COURT OF COMMON PLEAS COMMITTED PREJUDICIAL AND REVERSIBLE ERROR IN GRANTING APPELLEE'S ADMINISTRATIVE APPEAL AND REVERSING THE AUGUST 26, 1996 DECISION OF THE ALLIANCE CIVIL SERVICE COMMISSION.
 II. THE COURT OF COMMON PLEAS DID NOT GIVE DUE DEFERENCE TO THE ALLIANCE CIVIL SERVICE COMMISSION'S AUGUST 26, 1996 DECISION AND BY REVERSING SUCH DECISION ITS JANUARY 24, 1997 DECISION CONSTITUTES AN ABUSE OF DISCRETION.
 I II
As appellant's assignments of error are interrelated, we shall address both assignments together. Appellant maintains the trial court committed prejudicial error and abused its discretion by reversing the Commission's decision because a preponderance of reliable, probative and substantial evidence exists to support said decision.
The applicable standard of review is abuse of discretion.Dudukovich v. Housing Auth. (1979), 58 Ohio St.2d 202, 207. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
In her Brief to this Court, appellant takes issue with the findings upon which the trial court predicated its January 24, 1997 judgment. Initially, the trial court found the City had abolished appellant's position. As a result of this finding, the trial court concluded appellant could not rely on the City's noncompliance with the mandates of R.C. 124.34 to establish that her appeal to the Commission was timely filed. Additionally, in light of its finding the City had abolished appellant's position, the trial court found appellant's appeal was untimely under R.C.124.328. Finally, the trial court found appellant served in a fiduciary position with the City, which made appellant an unclassified employee. As such, the trial court reasoned R.C.124.34 afforded no protection to appellant.
In order to clearly analyze the issues in the case subjudice, we first address the trial court's finding that appellant was an unclassified employee.[1] In reaching this conclusion, the trial court noted "[t]he record shows that [appellant] held fiduciary and administrative relationships with Alliance's Directors of Planning and Development. [Appellant] never took an open competitive examination for her Programs Manager Position.," January 24, 1997 Judgment, p. 14.
The City of Alliance Ordinance No. 7-91 provides, in pertinent part:
 Those employees * * * who have held their current positions for two (2) years or more and did not receive a letter of appointment, to the unclassified service from a previous appointing authority, are now considered to be members of the classified service.
Ordinance No. 7-91, Exh. A., p. 26.
At the time of her separation from employment with the City, appellant had held her position as Programs Manager for over two (2) years. Furthermore, the record reveals appellant did not receive a letter of appointment to the unclassified service from a previous appointing authority. Accordingly, appellant was a member of the classified service pursuant to Ordinance No. 7-91, supra.
We agree with appellant that the trial court's determination that she was an unclassified employee is erroneous.
Next, we must analyze whether the trial court abused its discretion in finding that the City abolished appellant's position.
R.C. 124.321 gives an appointing authority the power to abolish positions. R.C. 124.321(D) provides, in part:
 Employees may be laid off as a result of abolishment of positions. Abolishment means the permanent deletion of a position or positions from the organization or structure of an appointing authority due to lack of continued need for the position. An appointing authority may abolish positions as a result of a reorganization for the efficient operation of the appointing authority, for reasons of economy, or for lack of work. * * *
Appellant argues the City failed to present evidence of an economic reason for the deletion of her position or evidence that the deletion was the result of a reorganization for the efficient operation of the Department. We find the evidence in the record inapposite. As discussed in detail, supra, prior to and after appellant's March, 1994 accident, the City subcontracted part of the work of the Planning and Development Department to the Stark County Regional Planning Commission. The City paid the Regional Planning Commission $15,000 per year for its services. During appellant's medical leave, the Regional Planning Commission also performed the administration of the housing rehabilitation program which constituted approximately 75% of appellant's job duties. Although the Regional Planning Commission performed these additional duties, the cost to the City remained $15,000 per year.
In her analysis, appellant asserts "the cost of the contracting out of the housing rehabilitation program duties and Mohr's salary totals between $36,000 and $41,000" and any alleged economic benefit was negated by the increased expense to the City which resulted from the hiring of Mohr. Brief of Appellant, p. 13. Appellant's analysis fails to take into account the fact that the City had been paying the Regional Planning Commission $15,000 per year for other services provided to the Department in addition to paying appellant $32,000 per year in salary and benefits. By eliminating appellant's position, the City would expend between $36,000 and $41,000 per year, in contrast to the $47,000 per year the City was previously expending.[2] As such, the City did receive an economic benefit from the elimination of the position of Programs Manager.
Appellant additionally argues her position was not abolished, but rather only retitled. In support of this position, appellant compares the job description of the Programs Manager with that of the Programs Coordinator. Although the job descriptions are virtually identical, the actual job duties are significantly different in light of the substantial amount of responsibilities subcontracted to the Regional Planning Commission. As such, appellant's assertion is without merit. The reorganization and the additional services provided to the Department by the Regional Planning Commission relieved the Department of 75% of appellant's duties and created a more efficient manner for processing applications.
Since the evidence establishes that the deletion of appellant's position resulted in an economic benefit to the City, as well as a more efficient operation of the Department, we find the trial court did not abuse its discretion in finding the City abolished appellant's position. In light of this finding, we further find the trial court did not abuse its discretion in finding that R.C. 124.34 is inapplicable and appellant's appeal to the Commission was untimely pursuant to R.C. 124.328.
R.C. 124.34 provides, in pertinent part:
 The tenure of every officer or employee in the classified service of . . . cities . . . shall be during good behavior and efficient service and no such officer or employee shall be reduced in pay or position, suspended, or removed, except as provided in section 124.32 of the Revised Code, and for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the director of administrative services or the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance, or nonfeasance in office.
* * *
 In any case of reduction, suspension of more than three working days, or removal, the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal, which order shall state the reasons therefor. Such order shall be filed with the director of administrative services and state personnel board of review, or the commission, as many be appropriate.
 Within ten days following the filing of such order, the employee may file an appeal, in writing, with the state personnel board of review or the commission.
* * *
Since appellant's separation from employment with the City resulted from the abolishment of her position, appellant cannot rely on the City's failure to comply with the mandates of R.C.124.34. The record is devoid of any evidence that appellant was terminated for one of the just cause reasons set forth in R.C.124.34. Thus, appellant's appeal to the Commission from the abolishment of her position was governed by R.C. 124.328, which provides:
 A classified employee may appeal a layoff, or a displacement which is the result of a layoff, to the state personnel board of review. The appeal shall be filed or post-marked no later than ten days after receipt of the notice of layoff or after the date the employee is displaced. In cases involving the laying off of classified employees the affected employee may appeal the decision of the state personnel board of review to the common pleas court. The appeal from the state personnel board of review shall be made in accordance with section 119.12 of the Revised Code.
Appellant argues that R.C. 124.328 is inapplicable to the case sub judice because that statute does not encompass abolishment. However, as detailed in R.C. 124.321(D), supra, an employee may be laid off as a result of an abolishment of her position. A layoff is a consequence of an abolishment. As such, R.C. 124.328 is applicable to the instant appeal and appellant is subject to the mandates contained therein. Accordingly, appellant was required to file her appeal to the Commission no later than ten days after she received notice of the abolishment. Appellant testified she received the letter from the Director on March 10, 1996, which means her appeal should have been filed by March 20, 1996. Her appeal was not filed until March 28, 1996. We agree with the trial court that appellant failed to timely file her notice of appeal.
Appellant relies on Ohio Administrative Code Section124-1-03 (G) in support of her position that her appeal was timely filed. O.A.C. Sec. 124-1-03 provides, in pertinent part:
 (B) Appeals from layoffs, abolishments, and displacements shall be in writing and shall be filed with the board, or postmarked, not more than ten calendar days after receipt of the notice of the action. A copy of the notice of layoff, abolishment or displacement shall be attached to the appeal.
* * *
 (G) Appeals from all other actions shall be filed with the state personnel board of review not more than thirty calendar days after the time the appellant receives actual notice of the action.
This section is consistent with R.C. 124.328. In light of the unambiguous language of this section, appellant was required to file her notice of appeal "not more than ten calendar days after receipt of the notice of the action." The March 7, 1996 letter from Director Weddle constitutes "notice of the action." Since appellant received the letter on March 10, 1996, appellant was required to file her notice of appeal by March 20, 1996. Since the City's action falls within the purview of subsection (B), appellant cannot utilize the catch-all provision of subsection (G) to save her from an untimely appeal.
In conclusion, we reiterate that we find the trial court did not abuse its discretion in determining the City abolished appellant's position and finding appellant's appeal was untimely pursuant to R.C. 124.328 and O.A.C. Sec. 124-1-03 (B).
Based upon the foregoing reasons, appellant's assignments of error are overruled.
The Judgment Entry of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Farmer, P.J. and Reader, J. concur.
 JUDGMENT ENTRY
CASE NO. 97CA0057
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed.
[1] If the trial court properly found appellant was an unclassified employee, R.C. 124.34 and R.C. 124.328 are inapplicable as those statutes only apply to an "employee in the classified service" and "[a] classified employee".
[2] $32,000 per year for appellant's salary and benefits, plus $15,000 per year for the contract with the Stark County Regional Planning Commission.